# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DAVID HEYNEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-253 |
| ) | (Phillips) |
| GIVE LIFE FOUNDATION; CHRIS LEWIS; ) | |
| JOSH WEBB; and FTK ENTERTAINMENT, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion to Remand [Doc. 5] and plaintiff's Motion to Strike [Doc. 11]. With regard to the Motion to Remand, defendant Give Life Foundation ("Give Life") responded [Doc. 8] and plaintiff replied [Doc. 9], and defendant Josh Webb, proceeding pro se, responded [Doc. 10]. In his Motion to Strike, plaintiff moves the court to strike portions of defendant Webb's response to the Motion to Remand. Defendant Webb responded thereto [Doc. 12]. For the reasons that follow, plaintiff's Motion to Remand [Doc. 5] is **GRANTED IN PART** and its Motion to Strike [Doc. 11] **GRANTED** in full.

**I.    BACKGROUND**

Plaintiff initiated this action in the Circuit Court for Knox County, Tennessee on May 13, 2008. On July 25, 2008, defendant Webb, proceeding pro se and in forma pauperis, filed a notice of removal [Doc. 3], premising this court's jurisdiction on the basis of diversity of citizenship. Plaintiff now moves to remand.

-1-

## II. ANALYSIS

### A. Motion to Remand

Plaintiff contends that removal was improper under 28 U.S.C. §§ 1441 and 1446 on the following bases: (1) defendant Webb is a citizen of the state in which this court sits; (2) the remand was untimely; and (3) defendant Webb's co-defendants neither joined in the removal nor filed a written consent thereto.

The court finds that removal of this action is improper, as in the Sixth Circuit "[f]ailure to obtain *unanimous* consent forecloses the opportunity for removal under Section 1446." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis added); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."). Here, "the record plainly demonstrates that the removal petition was defective because all defendants did not join in the petition or consent to removal." *Loftis*, 342 F.3d at 514.[1] Defendant Give Life Foundation "not only failed to consent to the removal, but affirmatively opposed it," *Loftis*, 342 F.3d at 514, as demonstrated in plaintiff's exhibit to its motion and Give Life's response. [Doc. 5, Attach. #1; Doc. 8]. Accordingly there is no unanimity of consent, and removal is improper.

Because this basis alone suffices to invalidate defendant's removal, the court need not reach plaintiff's remaining arguments.

---

[1] Although the Notice of Removal states that "[a]ll defendants join in this Notice of Removal," [Doc. 3 at 3], clearly this is a misrepresentation to the court, as Give Life Foundation has affirmatively demonstrated to the court that it opposes removal and favors remand. As defendant Webb is proceeding pro se, the court will grant leniency as to this misrepresentation, with the admonition that defendant's pro se status does not insulate him from sanctions under Rule 11 of the Federal Rules of Civil Procedure.

-2-

### B. Costs and Attorney's Fees

In moving to remand, plaintiff further moves the court to award costs and attorney's fees under 28 U.S.C. § 1447(c). Plaintiff asserts that there is no objectively reasonable basis for removal and therefore defendants "should be jointly and severally responsible for 'joining' in this frivolous removal." [Doc. 6 at 5]. Notwithstanding its lack of opposition to remand, defendant Give Life Foundation filed a response to plaintiff's motion to contest the awarding of costs and attorney's fees.

Under 28 U.S.C. § 1447(c), a court may include as part of the remand order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court does not find an award of costs and fees to be appropriate in this case due to defendant Webb's pro se status, as it is apparent from his response to plaintiff's Motion to Remand that he attempted to read the statutes and simply lacks sufficient legal knowledge to understand the applicable statutory provisions, case law, and rules. Further, costs and fees should not be awarded against any of the other defendants. It appears that plaintiff seeks costs and fees against Give Life in particular. Yet Give Life did not actually join in the removal, as defendant Webb asserted therein, *see supra* n.1, and indeed affirmatively opposes removal. Plaintiff concedes as much in arguing that defendants "have not met the rule of complete unanimity in the removal." [Doc. 6 at 4]. The court is puzzled as to plaintiff's basis in the immediately succeeding paragraph for arguing that "[t]he Defendants should be jointly and severally responsible for 'joining' in this frivolous removal," [*id.* at 5], which plaintiff later clarifies applies solely to Give Life, [Doc. 9 at 1], where elsewhere plaintiff

-3-

argued that Give Life was altogether uninformed of the removal, [Doc. 6 at 3], and indeed was opposed to removal, [*id.* at 3, 4-5]. Further, plaintiff argues that this court lacks subject matter jurisdiction over the case, yet requests "discovery concerning why and on behalf of whom this pending Notice of Removal was filed." [Doc. 9 at 1]. Yet as this court lacks jurisdiction, it has no basis to order such relief (nor has plaintiff cited any basis for such discovery even were the court to have jurisdiction), and the court's authority under § 1447(c) is limited to "requiring payment of just costs and actual expenses, including attorney's fees." 28 U.S.C. § 1447(c).

In sum, the court will not penalize pro se defendant Webb for having attempted removal of this case. Moreover, there is no basis for imposing costs and fees on the other defendants, especially when they neither joined in nor consented to removal. Finally, the court finds no basis for granting the extra relief requested by plaintiff, namely the discovery discussed above, and accordingly the motion to remand is denied on that basis.

Plaintiff's Motion to Remand is denied insofar as he seeks costs and expenses under § 1447(c) and any further relief.

### C. Motion to Strike

Finally, plaintiff moves the court to strike paragraphs 5, 7, 8 and 9 from defendant Webb's response to plaintiff's Motion to Remand, arguing that they make "scandalous and unfounded accusations of misconduct against Knox County Circuit Judge Wheeler Rosenbalm." [Doc. 11 at 1].

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The paragraphs identified by plaintiff not only are wholly irrelevant to whether removal was valid, but are argumentative and scandalous. For example, in paragraph 5 alone defendant Webb claims that "Judge Rosenbalm even went so far as to falsely accuse Defendant Webb and Defendant Lewis of practicing

-4-

law without a license," and then asserts that "Judge Rosenbalm has clearly permitted Plaintiff's counsel a great deal of liberty to do as they wish, regardless of the law." [Doc. 10 at 3]. Such assertions are clearly immaterial to the propriety of removal, as the court's inquiry is limited to the provisions of 28 U.S.C. §§ 1441 and 1446, and indeed are impertinent and scandalous. Therefore the court finds the Motion to Strike to be well taken. Paragraphs 5, 6, 7, 8, and 9 shall be stricken from defendant Webb's response [Doc. 10].

## III. CONCLUSION

For the foregoing reasons, removal was not proper in this action, and plaintiff's Motion to Remand [Doc. 5] is **GRANTED** insofar as plaintiff seeks remand to the state court, whereby this action is **REMANDED** to the state court. Because the court finds no basis to award costs, fees, or any additional relief, plaintiff's Motion to Remand is **DENIED** insofar as he seeks such relief. Finally, because those portions identified consist of argumentative and unsupported allegations, plaintiff's Motion to Strike [Doc. 11] is **GRANTED**, whereby paragraphs 5, 7, 8, and 9 of defendant Webb's pro se response to the motion to remand (erroneously titled "Reply to Plaintiff's Motion to Remand") Doc. 10] are **STRICKEN**.

**IT IS SO ORDERED**.

**ENTER:**

       s/ Thomas W. Phillips    
United States District Judge

-5-

Case 3:08-cv-00253-TWP-HBG   Document 13   Filed 09/22/08   Page 5 of 5   PageID #: 273